Grant C. Keary (SBN 130706)
Lee & Keary
26000 Towne Centre Drive
Suite 200
Foothill Ranch, California 92610
Telephone: (949) 916-1600 Fax: (949) 916-1010

Attorneys for California Mortgage Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 8:15-cv-01110-JVS-DFM |
| Plaintiff, | Honorable James V. Selna<br>Courtroom 10C |
| vs. | **CLAIM OF CALIFORNIA MORTGAGE SERVICE** |
| THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA; REAL PROPERTY LOCATED AT 620 W. ORANGEWOOD AVENUE IN ANAHEIM, CALIFORNIA; REAL PROPERTY LOCATED AT 19545 E. CIENEGA AVENUE IN COVINA, CALIFORNIA; REAL PROPERTY LOCATED IN IRVINE, CALIFORNA; THE ASSETS OF THE ANAHEIM EXPRESS INN; ONE 2007 PORSCHE BOXSTER; AND 4,275 SHARES IN SOLUTION STRATEGIES INTERNATIONAL, INC. | [19545 E. Cienega Avenue, Covina, CA]<br><br>**[18 U.S.C. § 983(d)]** |
| Defendants. | |

California Mortgage Service, a California corporation ("CMS"), by and through its counsel, Grant C. Keary, and for the reasons set forth herein, claims an interest in the following described

1

**CLAIM OF CALIFORNIA MORTGAGE SERVICE**
8 CMS US Proceeds E. Cienega Claim 8-5-15.doc

property: 19545 E. Cienega Avenue, Covina, California, more particularly described on Exhibit "A" attached hereto.

1. On or about December 5, 2014, Western Ventures Management, Inc., a California corporation ("Western Ventures"), executed and delivered to CMS a Note secured by Deed of Trust (the "Note") in the original principal amount of Two Hundred Sixty Seven Thousand Seven Hundred Dollars ($267,700.00). A true and correct copy of the Note is attached hereto as Exhibit "B" and incorporated herein by reference. The Note was due and payable on or before January 1, 2016, with monthly payments of $3,123.17 per month commencing on February 1, 2015. Interest accrued under the terms of the Note at the rate of fourteen percent (14%) per annum. CMS is a broker licensed by the California Department of Real Estate, and is exempt from the usury provisions of California law.

2. The Note was and is secured by a Deed of Trust dated December 5, 2014, and recorded on December 10, 2014 as Instrument No.: 2014-1337535 in the Official Records of Los Angeles County, California (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached to this Claim as Exhibit "C," and incorporated herein by reference.

3. As of the date of this Claim, the principal amount due and owing under the Note is $267,698.17, and interest due and owing under the Note through August 5, 2015 is $15,710.04. Interest will continue to accrue under the Note at the rate of fourteen percent (14%) per annum in an amount of $102.68 per diem from and after August 6, 2015. The Note is presently in default as a consequence of the failure of Western Ventures to pay installments as provided for therein. The Note has been continuously in such default since April 1, 2015.

4. Pursuant to the terms of the Deed of Trust, casualty insurance must be maintained on the Property. Western Ventures has paid casualty insurance premiums in an amount of $2,680.31 through December 9, 2015.

5. The circumstances under which CMS acquired its interest in the property is as follows:

In or about November, 2014, Raymond Benford, the President of CMS, was contacted by Jason Moore, a loan broker whose address is 2134 Main Street, Suite 200, Huntington Beach, California 92648, inquiring as to whether or not CMS was interested in making a loan to Western

Ventures, secured by the Property. CMS had utilized the services of Mr. Moore in the past and had made loans to borrowers whom Mr. Moore recommended to CMS. As a result of the discussions with Mr. Moore, CMS decided to make the loan to Western Ventures. All documents in connection with the loan, including the Note and Deed of Trust, were prepared by Mr. Moore, and Mr. Moore obtained the signatures of Western Ventures on all documents in connection with the loan.

6. Pursuant to Title 18 United States Code, Section 983(d)(3), the Claimant CMS is an innocent owner by virtue of the fact that at the time that CMS acquired the Deed of Trust on the Property, CMS was an independent third party bona fide purchaser for value in connection with obtaining the Deed of Trust encumbering the Property, and did not know, and was reasonably without cause to believe, that the Property was subject to forfeiture.

WHEREFORE, the Claimant CMS requests relief in this action in the form of payment of the amounts due on the Promissory Note and Deed of Trust described herein.

Respectfuly Submitted

Dated: August 5, 2015    LEE & KEARY

By:__/s/ Grant C. Keary_____
Grant C. Keary, Attorneys for California Mortgage Service

CLAIM OF CALIFORNIA MORTGAGE SERVICE
8 CMS US Proceeds E. Cienega Claim 8-5-15.doc

# DECLARATION OF RAYMOND M. BENFORD

I, Raymond M. Benford, am the President of California Mortgage Service ("CMS"). I have personal knowledge of the following facts. If called to testify herein, I would and could testify to the following facts. I am authorized to make this Declaration on behalf of CMS.

1. I have read the foregoing Claim of CMS and know the contents thereof.

2. I am informed and believe that the matters stated therein are true and on that basis I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2015 at Santa Ana, California.

RAYMOND M. BENFORD

**Exhibit A**
**LEGAL DESCRIPTION**

All that certain real property in the County of LOS ANGELES, State of California, described as follows:

THAT PORTION OF LOT 24 OF TRACT NO. 19624, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 502 PAGE(S) 9 AND 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 24, THENCE ALONG THE NORTH LINE OF CIENEGA AVENUE AS SHOWN ON SAID MAP SOUTH 89° 59' 30" EAST 83.95 FEET TO THE WESTERLY LINE OF THE LAND DESCRIBED IN THE DEED TO LEONARD C. BROWN AND WIFE, RECORDED ON OCTOBER 26, 1960 AS INSTRUMENT NO. 880, IN BOOK D1016, PAGE(S) 920, OFFICIAL RECORDS OF SAID COUNTY, THENCE ALONG THE WESTERLY LINE OF SAID LAND DESCRIBED IN THE DEED TO BROWN, NORTH 0° 09' 55" WEST 260 FEET TO THE NORTHERLY LINE OF SAID LOT; THENCE ALONG THE NORTHERLY LINE OF SAID LOT NORTH 89° 59' 30" WEST 83.95 FEET TO THE NORTHWEST CORNER OF SAID LOT; THENCE ALONG THE WESTERLY LINE OF SAID LOT SOUTH 0° 09' 55" EAST 260 FEET TO THE POINT OF BEGINNING.

APN No:   8404-002-029

Also known as 19545 E. Cienega Avenue, Covina, California 91724

# NOTE SECURED BY A DEED OF TRUST

Loan Number: 000066      Date: 12/05/2014                          Huntington Beach, California

<u>19545 E Cienega Avenue Covina CA 91724</u>
Property Address

1. **BORROWER'S PROMISE TO PAY**

    In return for a loan that I have received, I promise to pay U.S. $267,700.00 (this amount will be called "principal"), plus interest, to the order of **California Mortgage Service, a California Corporation** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

2. **INTEREST**

    I will pay interest at a yearly rate as described in paragraph 3 below.

    Interest commences on 12/09/2014, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

    Interest will be charged on unpaid principal until the full amount of principal has been paid.

    I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

3. **PAYMENTS**

    My payments are  ☒ Interest Only   ☐ Fully Amortized   ☐ Other
    I will make my payments each month as follows:

    | Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
    |---|---|---|---|
    | 11 | Monthly beginning February 1, 2015 | 14.00% | $3,123.17 |
    | 1 | January 1, 2016 | 14.00% | $270,823.17 |

    I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on 01/01/2016 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

    I will make my payments payable to **Aegis Realty, Inc., 2134 Main Street #200 Huntington Beach CA 92648**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**

    (A) **Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.000% of my overdue payment or U.S. , whichever is more. I will pay this late charge only once on any late payment.

    In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

    (B) **Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    (C) **Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

5. **BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**

    I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: No prepayment penalty (you will not be charged a penalty to pay off or refinance the loan before maturity)

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_Francisco G Lamaz_  12/08/14
Borrower | Western Ventures Management, Inc.   Date    Borrower    Date

---

# ASSIGNMENT OF NOTE
# SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

---

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

# EXHIBIT "C"

This page is part of your document - **DO NOT DISCARD**



**20141337535**



Pages: 0008

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

12/10/14 AT 08:00AM

| | |
|---|---|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |



LEADSHEET



201412100970015

00009931068

006536323

SEQ:
01

ERDS - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED

E12

Recording Requested By
Aegis Realty, Inc.

NexTitle

When Recorded Mail To
Aegis Realty, Inc.
2134 Main Street #200
Huntington Beach CA 92648

Title Order No.

NXCA·0163250

Space above this line for recorder's use

# DEED OF TRUST

~~RECORDER: INDEX FOR SPECIAL NOTICE~~

Loan No. 000066

This Deed of Trust, made this 5th day of December 2014, among the Trustor, Western Ventures Management, Inc., A California Coproration (herein "Borrower"), NexTitle (herein "Trustee"), and the Beneficiary, California Mortgage Service, a California Corporation (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of Los Angeles, State of California: , which has the address of 19545 E Cienega Avenue Covina CA 91724 (herein "Property Address");
more fully described In Exhibit "A" attached.
TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated 12/05/2014, in the principal sum of U.S. $267,700.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
  1. **Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.
  2. **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development

assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

4. **Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

11. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

12. **Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

13. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

14. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Aegis Realty, Inc., 2134 Main Street #200 Huntington Beach CA 92648 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

15. **This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

16. **Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

17. **Assignment of Rents; Appointment of Receiver; Lender In Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. **Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

21. **Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

23. **Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

24. **Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

25. **Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No. _____, Official Records of County Recorder of _____ County, California. The original Trustor _____
Trustee _____ and the original
Beneficiary _____ and the original
Mail to: _____

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_Francisco G Lamaz_  12/09/14

Borrower: Western Ventures Management, Inc. by    Date           Borrower           Date
Francisco Gutierrez-Lamaz

State of California
County of Los Angeles

On 12/08/2014 before me, M. Sonia Trinidad, Notary Public,
personally appeared Francisco Gutierrez-Lamaz

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

SONIA TRINIDAD
Commission # 2000435
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2017
(Seal)

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Signature of Beneficiary (the "LENDER") _____ Date _____  Signature of Beneficiary (the "LENDER") _____ Date _____

When recorded, mail to

Att: _____

Applied Business Software, Inc. (000) 893-3343
Deed of Trust

000068/18546 E Cienega
Page 5 of 8

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Los Angeles

On 12/08/14 before me, Sonia Trinidad Notary Public
(Here insert name and title of the officer)

personally appeared Francisco Gutierrez Lamaz

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Notary Seal)

SONIA TRINIDAD
Commission # 2000435
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2017

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Deed of Trust
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages 6  Document Date 12/08/14

(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual(s)
- ☒ Corporate Officer
  - (Title) CEO
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - Indicate title or type of attached document, number of pages and date.
  - Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

Order No. NXCA-0163250

# Exhibit "A"

THAT PORTION OF LOT 24 OF TRACT NO. 19624, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 502 PAGE(S) 9 AND 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 24, THENCE ALONG THE NORTH LINE OF CIENEGA AVENUE AS SHOWN ON SAID MAP SOUTH 89° 59' 30" EAST 83.95 FEET TO THE WESTERLY LINE OF THE LAND DESCRIBED IN THE DEED TO LEONARD C. BROWN AND WIFE, RECORDED ON OCTOBER 26,1960 AS INSTRUMENT NO. 880, IN BOOK D1016, PAGE(S) 920, OFFICIAL RECORDS OF SAID COUNTY, THENCE ALONG THE WESTERLY LINE OF SAID LAND DESCRIBED IN THE DEED TO BROWN, NORTH 0° 09' 55" WEST 260 FEET TO THE NORTHERLY LINE OF SAID LOT; THENCE ALONG THE NORTHERLY LINE OF SAID LOT NORTH 89° 59' 30" WEST 83.95 FEET TO THE NORTHWEST CORNER OF SAID LOT; THENCE ALONG THE WESTERLY LINE OF SAID LOT SOUTH 0° 09' 55" EAST 260 FEET TO THE POINT OF BEGINNING.

Assessor's Parcel Number(s): 8404-002-029

Page 3

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 26000 Towne Centre Drive, Suite 200, Foothill Ranch, California 92610.

On August 10, 2015, I served the foregoing document described as: **CLAIM OF CALIFORNIA MORTGAGE SERVICE [19545 E. Cienega Avenue, Covina, CA]** on the interested party(ies) in this action

[X]  by placing [] the original [X] a true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

*SEE ATTACHED SERVICE LIST*

[X]  (BY MAIL) I deposited such envelope(s) in the mail at Foothill Ranch, California. The envelope(s) was/were mailed with postage thereon fully prepaid as follows: I am "readily familiar" with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Foothill Ranch, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[]  (BY PERSONAL SERVICE) I caused each envelope(s) to be delivered by hand to the office(s) of the following addressee(s):

[ ]  (BY TELECOPIER) I caused each document to be sent via telecopier to:

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Foothill Ranch, California on August 10, 2015.

　　　/s/ Arlene J. Dempsey　　　　　　　　
　　　Arlene J. Dempsey

5

**CLAIM OF CALIFORNIA MORTGAGE SERVICE**
8 CMS US Proceeds E. Cienega Claim 8-5-15.doc

<u>**SERVICE LIST**</u>

Mary K. Butler, Esq,
Deputy Chief
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C.  20530

**LEE & KEARY**
**26000 TOWNE CENTRE DRIVE, SUITE 200**
**FOOTHILL RANCH, CALIFORNIA 92610**
**TELEPHONE: (949) 916-1600**
**TELEFAX: (949) 916-1010**