**ATTACHMENT D**

**Philippines' Republic Act No. 3019 (Anti-Graft and Corrupt Practices Act)**

REPUBLIC ACT NO. 3019
ANTI-GRAFT AND CORRUPT PRACTICES ACT
*Be it enacted by the Senate and House of Representatives of the Philippines in Congress assembled:*

***Section 1. Statement of policy***. — It is the policy of the Philippine Government, in line with the principle that a public office is a public trust, to repress certain acts of public officers and private persons alike which constitute graft or corrupt practices or which may lead thereto.

***Section 2. Definition of terms.*** — As used in this Act, that term —
(a) "Government" includes the national government, the local governments, the government-owned and government-controlled corporations, and all other instrumentalities or agencies of the Republic of the Philippines and their branches.
(b) "Public officer" includes elective and appointive officials and employees, permanent or temporary, whether in the classified or unclassified or exempt service receiving compensation, even nominal, from the government as defined in the preceding subparagraph.
(c) "Receiving any gift" includes the act of accepting directly or indirectly a gift from a person other than a member of the public officer's immediate family, in behalf of himself or of any member of his family or relative within the fourth civil degree, either by consanguinity or affinity, even on the occasion of a family celebration or national festivity like Christmas, if the value of the gift is under the circumstances manifestly excessive.
(d) "Person" includes natural and juridical persons, unless the context indicates otherwise.

***Section 3. Corrupt practices of public officers.*** — In addition to acts or omissions of public officers already penalized by existing law, the following shall constitute corrupt practices of any public officer and are hereby declared to be unlawful:
(a) Persuading, inducing or influencing another public officer to perform an act constituting a violation of rules and regulations duly promulgated by competent authority or an offense in connection with the official duties of the latter, or

allowing himself to be persuaded, induced, or influenced to commit such violation or offense.
(b) Directly or indirectly requesting or receiving any gift, present, share, percentage, or benefit, for himself or for any other person, in connection with any contract or transaction between the Government and any other part, wherein the public officer in his official capacity has to intervene under the law.
(c) Directly or indirectly requesting or receiving any gift, present or other pecuniary or material benefit, for himself or for another, from any person for whom the public officer, in any manner or capacity, has secured or obtained, or will secure or obtain, any Government permit or license, in consideration for the help given or to be given, without prejudice to Section thirteen of this Act.
(d) Accepting or having any member of his family accept employment in a private enterprise which has pending official business with him during the pendency thereof or within one year after its termination.
(e) Causing any undue injury to any party, including the Government, or giving any private party any unwarranted benefits, advantage or preference in the discharge of his official administrative or judicial functions through manifest partiality, evident bad faith or gross inexcusable negligence. This provision shall apply to officers and employees of offices or government corporations charged with the grant of licenses or permits or other concessions.
(f) Neglecting or refusing, after due demand or request, without sufficient justification, to act within a reasonable time on any matter pending before him for the purpose of obtaining, directly or indirectly, from any person interested in the matter some pecuniary or material benefit or advantage, or for the purpose of favoring his own interest or giving undue advantage in favor of or discriminating against any other interested party.
(g) Entering, on behalf of the Government, into any contract or transaction manifestly and grossly disadvantageous to the same, whether or not the public officer profited or will profit thereby.
(h) Director or indirectly having financial or pecuniary interest in any business, contract or transaction in connection with which he intervenes or takes part in his official capacity, or in which he is prohibited by the Constitution or by any law from having any interest.
(i) Directly or indirectly becoming interested, for personal gain, or having a material interest in any transaction or act requiring the approval of a board, panel or group of which he is a member, and which exercises discretion in such approval, even

if he votes against the same or does not participate in the action of the board, committee, panel or group.
Interest for personal gain shall be presumed against those public officers responsible for the approval of manifestly unlawful, inequitable, or irregular transaction or acts by the board, panel or group to which they belong.
(j) Knowingly approving or granting any license, permit, privilege or benefit in favor of any person not qualified for or not legally entitled to such license, permit, privilege or advantage, or of a mere representative or dummy of one who is not so qualified or entitled.
(k) Divulging valuable information of a confidential character, acquired by his office or by him on account of his official position to unauthorized persons, or releasing such information in advance of its authorized release date.
The person giving the gift, present, share, percentage or benefit referred to in subparagraphs (b) and (c); or offering or giving to the public officer the employment mentioned in subparagraph (d); or urging the divulging or untimely release of the confidential information referred to in subparagraph (k) of this section shall, together with the offending public officer, be punished under Section nine of this Act and shall be permanently or temporarily disqualified in the discretion of the Court, from transacting business in any form with the Government.

***Section 4. Prohibition on private individuals.*** — (a) It shall be unlawful for any person having family or close personal relation with any public official to capitalize or exploit or take advantage of such family or close personal relation by directly or indirectly requesting or receiving any present, gift or material or pecuniary advantage from any other person having some business, transaction, application, request or contract with the government, in which such public official has to intervene. Family relation shall include the spouse or relatives by consanguinity or affinity in the third civil degree. The word "close personal relation" shall include close personal friendship, social and fraternal connections, and professional employment all giving rise to intimacy which assures free access to such public officer.
(b) It shall be unlawful for any person knowingly to induce or cause any public official to commit any of the offenses defined in Section 3 hereof.

***Section 5. Prohibition on certain relatives.*** — It shall be unlawful for the spouse or for any relative, by consanguinity or affinity, within the third civil degree, of the President of the

3

Philippines, the Vice-President of the Philippines, the President of the Senate, or the Speaker of the House of Representatives, to intervene, directly or indirectly, in any business, transaction, contract or application with the Government: *Provided*, That this section shall not apply to any person who, prior to the assumption of office of any of the above officials to whom he is related, has been already dealing with the Government along the same line of business, nor to any transaction, contract or application already existing or pending at the time of such assumption of public office, nor to any application filed by him the approval of which is not discretionary on the part of the official or officials concerned but depends upon compliance with requisites provided by law, or rules or regulations issued pursuant to law, nor to any act lawfully performed in an official capacity or in the exercise of a profession.

***Section 6. Prohibition on Members of Congress.*** — It shall be unlawful hereafter for any Member of the Congress during the term for which he has been elected, to acquire or receive any personal pecuniary interest in any specific business enterprise which will be directly and particularly favored or benefited by any law or resolution authored by him previously approved or adopted by the Congress during the same term.
The provision of this section shall apply to any other public officer who recommended the initiation in Congress of the enactment or adoption of any law or resolution, and acquires or receives any such interest during his incumbency.
It shall likewise be unlawful for such member of Congress or other public officer, who, having such interest prior to the approval of such law or resolution authored or recommended by him, continues for thirty days after such approval to retain such interest.

***Section 7. Statement of assets and liabilities.*** — Every public officer, within thirty days after the approval of this Act or after assuming office, and within the month of January of every other year thereafter, as well as upon the expiration of his term of office, or upon his resignation or separation from office, shall prepare and file with the office of the corresponding Department Head, or in the case of a Head of Department or chief of an independent office, with the Office of the President, or in the case of members of the
Congress and the officials and employees thereof, with the Office of the Secretary of the corresponding House, a true detailed and sworn statement of assets and liabilities, including a statement of the amounts and sources of his income,

4

the amounts of his personal and family expenses and the amount of income taxes paid for the next preceding calendar year: Provided, that public officers assuming office less than two months before the end of the calendar year, may file their statements in the following months of January.

***Section 8. Dismissal due to unexplained wealth.*** — If in accordance with the provisions of Republic Act numbered One thousand three hundred seventy-nine, a public official has been found to have acquired during his incumbency, whether in his name or in the name of other persons, an amount of property and/or money manifestly out of proportion to his salary and to his other lawful income, that fact shall be a ground for dismissal or removal.
Properties in the name of the spouse and unmarried children of such public official may be taken into consideration, when their acquisition through legitimate means cannot be satisfactorily shown. Bank deposits shall be taken into consideration in the enforcement of this section, notwithstanding any provision of law to the contrary.

***Section 9. Penalties for violations.*** — (a) Any public officer or private person committing any of the unlawful acts or omissions enumerated in Sections 3, 4, 5 and 6 of this Act shall be punished with imprisonment for not less than one year nor more than ten years, perpetual disqualification from public office, and confiscation or forfeiture in favor of the Government of any prohibited interest and unexplained wealth manifestly out of proportion to his salary and other lawful income.
Any complaining party at whose complaint the criminal prosecution was initiated shall, in case of conviction of the accused, be entitled to recover in the criminal action with priority over the forfeiture in favor of the Government, the amount of money or the thing he may have given to the accused, or the value of such thing.
(b) Any public officer violation any of the provisions of Section 7 of this Act shall be punished by a fine of not less than one hundred pesos nor more than one thousand pesos, or by imprisonment not exceeding one year, or by both such fine and imprisonment, at the discretion of the Court.
The violation of said section proven in a proper administrative proceeding shall be sufficient cause for removal or dismissal of a public officer, even if no criminal prosecution is instituted against him.

*Section 10. Competent court.* — Until otherwise provided by law, all prosecutions under this Act shall be within the original jurisdiction of the proper Court of First Instance.

*Section 11. Prescription of offenses.* — All offenses punishable under this Act shall prescribe in ten years.

*Section 12. Termination of office.* — No public officer shall be allowed to resign or retire pending an investigation, criminal or administrative, or pending a prosecution against him, for any offense under this Act or under the provisions of the Revised Penal Code on bribery.

*Section 13. Suspension and loss of benefits.* — Any public officer against whom any criminal prosecution under a valid information under this Act or under the provisions of the Revised Penal Code on bribery is pending in court, shall be suspended from office. Should he be convicted by final judgment, he shall lose all retirement or gratuity benefits under any law, but if he is acquitted, he shall be entitled to reinstatement and to the salaries and benefits which he failed to receive during suspension, unless in the meantime administrative proceedings have been filed against him.

*Section 14. Exception.* — Unsolicited gifts or presents of small or insignificant value offered or given as a mere ordinary token of gratitude or friendship according to local customs or usage, shall be excepted from the provisions of this Act.
Nothing in this Act shall be interpreted to prejudice or prohibit the practice of any profession, lawful trade or occupation by any private person or by any public officer who under the law may legitimately practice his profession, trade or occupation, during his incumbency, except where the practice of such profession, trade or occupation involves conspiracy with any other person or public official to commit any of the violations penalized in this Act.

*Section 15. Separability clause.* — If any provision of this Act or the application of such provision to any person or circumstances is declared invalid, the remainder of the Act or the application of such provision to other persons or circumstances shall not be affected by such declaration.

*Section 16. Effectivity.* — This Act shall take effect on its approval, but for the purpose of determining unexplained wealth, all property acquired by a public officer since he assumed office shall be taken into consideration.

Approved, August 17, 1960.

### Article 212 of the Revised Penal Code (Corruption of Public Officials)

Act No. 3815
December 8, 1930

The Revised Penal Code of the Philippines

*Article 212. Corruption of public officials.* — The same penalties imposed upon the officer corrupted, except those of disqualification and suspension, shall be imposed upon any person who shall have made the offers or promises or given the gifts or presents as described in the preceding articles.

### Philippines' Republic Act No. 7080 (Plunder)

[REPUBLIC ACT NO. 7080]
**AN ACT DEFINING AND PENALIZING**
**THE CRIME OF PLUNDER**
*Be it enacted by the Senate and House of Representatives of the Philippines in Congress assembled:*

*Section 1. Definition of Terms.* — As used in this Act, the term —
a) "*Public Officer*" means any person holding any public office in the Government of the Republic of the Philippines by virtue of an appointment, election or contract.
b) "*Government*" includes the National Government, and any of its subdivisions, agencies or instrumentalities, including government-owned or -controlled corporations and their subsidiaries.
c) "*Person*" includes any natural or juridical person, unless the context indicates otherwise.
d) "*Ill-gotten wealth*" means any asset, property, business enterprise or material possession of any person within the purview of Section Two (2) hereof, acquired by him directly or indirectly through dummies, nominees, agents, subordinates and/or business associates by any combination or series of the following means or similar schemes:
1) Through misappropriation, conversion, misuse, or malversation of public funds or raids on the public treasury;
2) By receiving, directly or indirectly, any commission, gift, share, percentage, kickbacks or any other form of pecuniary benefit from any person and/or entity in connection with any

7

government contract or project or by reason of the office or position of the public officer concerned;
3) By the illegal or fraudulent conveyance or disposition of assets belonging to the National Government or any of its subdivisions, agencies or instrumentalities or government-owned or -controlled corporations and their subsidiaries;
4) By obtaining, receiving or accepting directly or indirectly any shares of stock, equity or any other form of interest or participation including the promise of future employment in any business enterprise or undertaking;
5) By establishing agricultural, industrial or commercial monopolies or other combinations and/or implementation of decrees and orders intended to benefit particular persons or special interests; or
6) By taking undue advantage of official position, authority, relationship, connection or influence to unjustly enrich himself or themselves at the expense and to the damage and prejudice of the Filipino people and the Republic of the Philippines.

***Section 2. Definition of the Crime of Plunder; Penalties.*** — Any public officer who, by himself or in connivance with members of his family, relatives by affinity or consanguinity, business associates, subordinates or other persons, amasses, accumulates or acquires ill-gotten wealth through a combination or series of overt or criminal acts as described in Section 1(d) hereof in the aggregate amount or total value of at least Fifty million pesos (P50,000,000.00) shall be guilty of the crime of plunder and shall be punished by *reclusion perpetua* to death. Any person who participated with the said public officer in the commission of an offense contributing to the crime of plunder shall likewise be punished for such offense. In the imposition of penalties, the degree of participation and the attendance of mitigating and extenuating circumstances, as provided by the Revised Penal Code, shall be considered by the court. The court shall declare any and all ill-gotten wealth and their interests and other incomes and assets including the properties and shares of stocks derived from the deposit or investment thereof forfeited in favor of the State. (As amended by RA 7659, approved Dec. 13, 1993.)

***Section 3.Competent Court.*** — Until otherwise provided by law, all prosecutions under this Act shall be within the original jurisdiction of the Sandiganbayan.

***Section 4. Rule of Evidence.*** — For purposes of establishing the crime of plunder, it shall not be necessary to prove each and

8

every criminal act done by the accused in furtherance of the scheme or conspiracy to amass, accumulate or acquire ill-gotten wealth, it being sufficient to establish beyond reasonable doubt a pattern of overt or criminal acts indicative of the overall unlawful scheme or conspiracy.

***Section 5. Suspension and Loss of Benefits.*** — Any public officer against whom any criminal prosecution under a valid information under this Act whatever stage of execution and mode of participation, is pending in court, shall be suspended from office.
Should he be convicted by final judgment, he shall lose all retirement or gratuity benefits under any law, but if he is acquitted, he shall be entitled to reinstatement and to the salaries and other benefits which he failed to receive during suspension, unless in the meantime, administrative proceedings have been filed against him.

***Section 6. Prescription of Crimes.*** — The crime punishable under this Act shall prescribe in twenty (20) years. However, the right of the State to recover properties unlawfully acquired by public officers from them or from their nominees or transferees shall not be barred by prescription, laches, or estoppel.

***Section 7. Separability of Provisions.*** — If any provisions of this Act or the application thereof to any person or circumstance is held invalid, the remaining provisions of this Act and the application of such provisions to other persons or circumstances shall not be affected thereby.

***Section 8. Scope.*** — This Act shall not apply to or affect pending prosecutions or proceedings, or those which may be instituted under Executive Order No. 1, issued and promulgated on February 28, 1986.

***Section 9. Effectivity.*** — This Act shall take effect after fifteen (15) days from its publication in the Official Gazette and in a newspaper of general circulation.
Approved: July 12, 1991